# T. L. MILLER

*v.*

## SUPERIOR MACHINE CO.

1. APPEAL BOND. Where the execution of an appeal bond is in the name of a company by its agent, with a scrawl for a seal, it will be presumed, in the absence of proof, that the seal used was the proper and only seal of the company.

2. SAME—*when filed and approved, even if defective, appeal is effected.* When an appeal bond is accepted and approved by the justice, even if it is defective, the appeal is nevertheless taken from the judgment, and it is the duty of the opposite party to follow the case to the appellate court.

3. APPEAL—*payment of fees required of appealing party presumed.* The money required to be advanced by the appealing party to the clerk, under sec. 33, Revised Statutes 1874, page 515, will, in the absence of proof, be presumed to have been paid as required by the statute.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Mr. O. B. SANSUM, for the plaintiff in error.

Mr. CHAS. E. TOWNE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The defendant in error, The Superior Machine Company, instituted a suit before a justice of the peace in Cook county, against T. L. Miller, plaintiff in error, where, on the 2d day of March, 1874, a trial was had, resulting in a judgment for costs against the plaintiff.

From the judgment rendered, the defendant in error prayed an appeal to the Superior Court of Cook county, and on the 10th day of March, 1874, an appeal bond was filed with the justice, and by him approved.

On the 20th day of April, 1874, a transcript of the proceedings, together with the appeal bond, was filed by the justice in the Superior Court of Cook county, where the appeal was pending until the 16th day of March, 1875, when a default was entered against the plaintiff in error, the evidence heard, and judgment rendered for the sum of $88—to reverse which this writ of error has been prosecuted, and two questions have been presented for consideration :

*First*—Whether a bond required by the statute was executed and filed at any time in the cause.

*Second*—Supposing a bond was filed, then was the appeal perfected within twenty days after the rendition of the judgment.

The record shows that a bond, in proper form, conditioned according to law, was filed with the justice of the peace, and accepted and approved by him, within eight days after the rendition of the judgment. The bond, as appears by the record, was executed as follows:

"Superior Machine Co., by J. G. Stuvè, Agt." [seal.]

It is contended that the seal was that of the agent, and not that of the company. We do not know, judicially, that the Superior Machine Company had a seal other than a scrawl, such as appears in the record, and which purports to be a seal. *Illinois Central Railroad Co.* v. *Johnson*, 40 Ill. 35.

In the absence of proof, the presumption is that the seal used was the proper and only seal of the company. *Phillips* v. *Coffee*, 17 Ill. 155.

But, even if the bond was defective, as it was accepted and approved by the justice, an appeal was, nevertheless, taken from the judgment, and it was the duty of the plaintiff in error to follow the case to the appellate court; and if he was not satisfied with the bond, he could have obtained a rule in the Superior Court upon the defendant in error to file a sufficient bond, and in default thereof the appeal could have been dismissed.

The second point relied upon by plaintiff in error, is based upon the assumption that the money required to be advanced to the clerk by the appealing party, under sec. 33, Revised Statutes of 1874, page 515, was not paid.

Whether the fees required by the statute were paid or not, we have no means of knowing. The record before us contains no bill of exceptions, and is, of course, silent as to the time or manner of payment. We will, however, in the absence of proof, presume the fees required to be advanced were paid at the proper time, and to the proper officer, as required by the statute.

As no error appears in the record, the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*