# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1880.

CHARLES KERN, Impl'd, etc.,

v.

LEWIS D. DAVIS ET AL.

| 7 | 407 |
|---|---|
| 70 | 405 |

CERTIORARI — SUFFICIENCY OF PETITION.— A petition for *certiorari* showed that after plaintiffs had begun their suit in replevin, they agreed with defendants to permit the goods to remain as they were for a short time, which was tantamount to an agreement not to proceed with their suit. In violation of this agreement and without notice or knowledge of the defendants the plaintiffs prosecuted their suit to a judgment in trover, and the twenty days allowed for an appeal expired before the defendants had knowledge that a judgment had been rendered. *Held,* a sufficient allegation to support a writ of *certiorari.*

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed August 5, 1880. Stricken from re-hearing Docket October 13, 1880.

This suit was commenced by Lewis D. Davis and Robert B. Duncan against Charles Kern, Thomas W. Prindeville and Ludwig Stein, before a justice of the peace of Cook county. The original process was in replevin, but it appearing by the return of the constable that the defendants refused to surrender the property described in the writ, a judgment in trover was

(407)

rendered against them for $196 and costs. The defendants having failed to appeal from said judgment within the period limited by the statute, the cause was, on petition of defendant Kern, removed to the circuit court by writ of *certiorari*, and thereupon the plaintiffs moved to quash said writ on the ground of the insufficiency of the petition therefor, which motion was allowed, and the cause dismissed out of court. The record is now brought here by appeal, and the decision of the circuit court quashing said writ is assigned for error. The statements of the petition for a *certiorari* are substantially as follows:

That the plaintiffs, co-partners, etc., on the 19th day of November, 1878, commenced an action of replevin against the defendants before a justice of the peace, to recover certain goods alleged to be in the possession of the defendants, and that afterwards said justice rendered judgment in said suit, in trover, against the defendants for $196; that at the time of the commencement of said suit said Kern was sheriff of Cook county, and said Prindeville was his deputy; that said Prinde-ville, as such deputy sheriff, had seized said goods on certain executions from the Superior Court of Cook county, against the property of said Stein; that said Stein, being in the general retail, notion and fancy-goods trade, claimed to be the owner of said goods by purchase from the plaintiffs in the regular course of business, but that the said Prindeville having, in his opinion, seized sufficient property other than that called for by the replevin writ to satisfy said executions, and not desiring to engage in any suit in which he had no interest, informed said Davis, through one Jussen, his, said Prinde-ville's, attorney, in the presence of the constable who came to serve the replevin writ, that there was no necessity of making any service of said writ, as the goods sought to be replevied would not be sold under the executions, but would be delivered up to the plaintiffs; and said Jussen then and there, on behalf of said Prindeville and Kern, and also of the execution cred-itors, requested said Davis to permit said goods to remain with the general stock of goods a few days, since, if they should be taken away under said writ, that fact might incite others who had sold goods to said Stein to attempt the same course; that

with this proposition said Davis readily agreed, and went away with the constable, leaving the impression on the minds of Prindeville and Jussen that the writ of replevin had not been served, and that the replevin suit would be dismissed; that said Prindeville and Jussen frequently saw said Davis between said occurrence and the return day of the writ, at which times the carrying out of said agreement was freely spoken of, and said Prindeville and Jussen were, by the conduct and conversation of said Davis, lulled into perfect security and confidence as to said suit; that after the rendition of said judgment, and before the expiration of twenty days thereafter, said Jussen met said Davis, and had another conversation with him in regard to returning said goods, in the presence of one Metzler, at which time said Metzler made said Davis an offer for said goods, which said Davis declined, saying that he would see said Metzler again in regard to the matter; that said Jussen then stated to said Davis that there would be no trouble about the delivery of the goods, but that he thought that for the protection of the assignee of Stein, who, in the meantime, had been adjudicated a bankrupt, the said plaintiffs had better replevy the goods, and that no defense would be made to such replevin suit; and said Davis, then and there, by his language and manner, assented to such proposition, and never disclosed the fact that he had already obtained judgment in said former suit; that the plaintiffs remained in entire ignorance of said judgment until after the lapse of more than twenty days from the rendition thereof; that after the service of the replevin writ on said defendant Kern, said Kern referred the matter to his chief deputy, whose duty it was to see that all such matters were attended to, and that said deputy, being informed of the foregoing facts, gave the matter no further attention; that immediately upon learning of the rendition of said judgment, said Prindeville still having said goods in his possession, tendered the same to the plaintiffs in satisfaction of said judgment, and offered to pay all costs up to the time of said agreement, which offer was refused by the plaintiffs; that the value of said goods did not exceed $100.

Messrs. JUSSEN & ANDERSON, for appellant.

Messrs. ABBOTT & OLIVER, for appellees; cited Fitzgerald v. Kimball, 86 Ill. 397; Davis v. Randall, 26 Ill. 243; Russell v. Pickering, 17 Ill. 31; First Nat. Bank v. Beresford, 78 Ill. 391; Rev. Stat. 1877, Chap. 79, 376.

BAILEY, J. The petition for a *certiorari*, in so far as it attempts to show that the judgment of the justice of the peace was unjust and erroneous, answers, in our opinion, the requirements of the statute. If it be true that the plaintiffs agreed to allow the goods in question to remain temporarily in the hands of Prindeville, they manifestly had no right while that agreement was in force to charge the defendants with the conversion of said goods, or to take judgment therefor against them in trover. The only question is, whether it sufficiently appears from the petition that said judgment was not the result of negligence on the part of the petitioner, and that it was not in his power to take an appeal in the ordinary way.

In determining these questions the statements of the petition must be taken as true, and if on its face, it is sufficient to exculpate the petitioner from the imputation of negligence, the writ of *certiorari* should not have been quashed. The petition shows that after the writ of replevin was issued, the constable charged with its execution, together with Davis, one of the plaintiffs, came to Prindeville, the deputy sheriff who had custody of the goods, for the purpose of serving said writ, and that it was then and there agreed between Davis, acting, as it must be presumed, on behalf of his firm, and Jussen, who was acting in the matter as the attorney of the sheriff and his deputy, and also of the execution creditors, that the goods should not then be replevied, but should for the time being be allowed to remain in the custody of Prindeville. This was tantamount to an agreement on the part of plaintiffs to abandon the suit. After agreeing that the property should remain in the possession of one of the defendants, they could no longer maintain replevin, nor even serve the replevin writ. Their cause of action, so far as that particular suit was concerned, was aban-

doned, and they must be presumed, by the same act, to have abandoned the suit itself. Its further prosecution was a direct violation of the agreement, as well as a gross fraud.

It being assumed, then, as it must be for the purposes of this appeal, that the agreement above recited was entered into by the plaintiffs, the defendants had a right to rely upon it and to presume that it would be carried out by the plaintiffs in good faith. In so far as the defendants based their subsequent conduct upon such presumption, it does not lie in the mouths of the plaintiffs to charge them with negligence. They were warranted in assuming that the replevin suit would be abandoned, and the plaintiffs are in no position to impute to them negligence for failing to appear and defend, or for failing to ascertain either the facts or the fruits of the fraud perpetrated by the plaintiffs in prosecuting their suit to judgment, within the time limited by the statute for taking an appeal.

It also appears from the petition that in their subsequent conduct the plaintiffs adroitly managed to disarm suspicion on the part of the defendants, and to keep them in ignorance of the proceedings being taken, until it should be too late to perfect an appeal. Having succeeded in their scheme, there is no just rule by which a failure of the defendants to appeal in the ordinary way, thus procured, should be attributed to the negligence of the defendants themselves.

In our own opinion, the petition in this case is sufficient, and the order quashing the writ of *certiorari* erroneous. The judgment will therefore be reversed and the cause remanded.

Judgment reversed.