## C. C. Gibson, Use, etc., v. J. W. Ackermann and Mrs. J. W. Ackermann.

1. REPEALS—*By Implication—The Rule as to, Stated.*—Repeals by implication are not favored, and in order to work a repeal, a new law, if it contains no express words repealing the old law, must be repugnant to it, and the repugnancy must be clear. The new law must fully embrace the whole subject of the old law, and as a general rule such parts of the old law as may be incorporated into the new law consistently therewith must be considered in force.

2. CERTIORARI—*Sec. 75 to 80 of the Act of 1872 in Regard to Justices and Constables Not Repealed.*—The act of 1895, in regard to justices and constables, does not repeal sections 75 to 80 of the act of 1872 on the same subject, and the statutory right of appeal by certiorari still exists as it did prior to July 1, 1895.

3. SAME—*Facts to Be Shown by Petition.*—A petition for a writ of certiorari, showing in detail that the petitioner was not negligent, that the judgment is unjust and that it was not in his power to appeal in the ordinary way, sets up all the essential facts.

**Petition for Certiorari.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 15, 1897.

CHARLES PICKLER, attorney for appellants.

Where a later act covers the whole subject-matter of an earlier act, does not purport to amend it, but plainly shows

that it was intended as a substitute for the earlier, it will operate as a repeal of the earlier act; it is the only law upon that subject, although it contains no repealing clause. When a statute is revised, or one act formed from another, some parts of the former being omitted, the parts omitted are not to be revived by construction. The legislature is presumed to have had the former statutes before it and to have been acquainted with judicial construction. The provisions of the earlier law not contained in the later will be presumed to have been intentionally omitted. And the rule is the same, although the omission is caused by accident—it belongs to the legislature to supply it. Culver v. Bank, 64 Ill. 528; Andrews v. People, 75 Ill. 605; Devine v. Cook County, 84 Ill. 590; Eaton v. Graham, 11 Ill. 622; Ill. & Mich. Canal v. Chicago, 14 Ill. 334; Hunt. v. Chicago & D. R. R. Co., 20 Ill. App. 282; Steele v. Lineberger, 72 Pa. 241; In re Wheelock (Sup. Ct.), 3 N. Y. Supp. 890; In re Alexander (Sup. Ct.), 3 N. Y. Supp. 892; Combined S. & P. Co. v. Flournoy (Va. 1892), 14 S. E. Rep. 976; Buck v. Spofford, 31 Me. 36.

The petition is insufficient because the act of 1872 requires that the petition shall set forth, (1) that the judgment was not the result of negligence in the party praying the writ, and that the party was diligent in defending; (2) that the judgment is unjust and erroneous; (3) that it was not in the power of the party to take the appeal in the ordinary way; and these three facts must be shown by the petition, not merely alleged as conclusions of law. First N. Bank v. Beresford, 78 Ill. 391.

The party desiring to appeal from the justice must use more than ordinary diligence, and no presumptions are indulged in favor of the writ. Cushman v. Rice, 1 Scam. 565; White v. Frye, 2 Gil. 65; Lord v. Burke, 4 Gil. 463; Town of Waverly v. Kemper, 88 Ill. 580.

The petition should be taken most strongly against petitioner. O'Hara v. O'Brien, 4 Brad. 156.

CONSIDER H. WILLETT, attorney for appellees.

Repeals by implication are not favored in law. People v. Barr, 44 Ill. 198.

" When the latter enactment is worded in affirmative terms only, without any negative, expressed or implied, it does not repeal the earlier law." 23 Am. & Eng. Ency., 483.

Where the whole purview of the two statutes is different, and there is no essential repugnancy between them, they will stand together in the absence of a repealing clause, even though they refer to the same object. In re Gannett, 11 Utah, 289; Mills v. State, 23 Tex. 295.

Without repealing words in a new statute which relates to several remedies contained in the old statute, which new statute covers several remedies, but omits one or more, as certiorari, such omitted remedy exists after the passage of the new statute without repealing words precisely as it stood in the old statute.

In the absence of any repealing clause, it is necessary to the implication of a repeal that the object of the statutes, as well as the subject, be the same. If they are not, both statutes will stand, although they refer to the same subject. 23 Am. & Eng. Ency., 482.

In People v. McAllister, 37 Pac. Rep. (Utah), on page 580, it is said: " Both statutes must be construed together and be given effect, if possible, for a repeal by implication is not favored in law. Even where some of the provisions of a former statute are inconsistent with or repugnant to a later one, the repeal by implication will operate only to the extent of such inconsistency or repugnancy. When, as in the case at bar, there is a difference in the purview of two statutes, though relating to the same subject, the former is not repealed by the latter, in the absence of a repealing clause; and the legislature, when enacting the latter law, is presumed to have knowledge of all former laws relating to the same subject. The doctrine of repeal by implication proceeds on the ground that it was the intention of the legislature, and such intention must be manifest before the repeal can become effectual." People v. McAllister, 37 Pac. Rep. 580;

Suth. St. Const., Secs. 138, 160; U. S. v. Claflin, 97 U. S. 546.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant, for the use of Pickler, obtained judgment in trover by default before a justice of the peace for the alleged value of a certain trunk and contents, for which he had brought suit in replevin against appellees, the officer having failed to find the property.

The judgment was rendered August 5, 1895, but appellees had no knowledge of that fact until long after the time for appeal had elapsed, and as soon as they learned of the judgment, filed their petition for certiorari in the Circuit Court.

The trial court overruled a motion to quash the writ of certiorari for insufficiency of the petition, and upon a trial, a jury being waived, found for appellees and rendered judgment in their favor for costs.

Two contentions are made on this appeal, viz.:

1st. That the Circuit Court had no power to grant an appeal by certiorari, since the act of July 1, 1895, with reference to justices and constables.

2d. That the petition for certiorari is insufficient.

Chap. 59, Secs. 72 to 77, inclusive, Rev. Stat. 1845, under title of justices and constables, gave to the Circuit Courts of this State the power to grant writs of certiorari to remove causes from justices of the peace; prescribed the practice in the Circuit Court in such cases, what the petition should set forth, and provided that such proceedings should be had thereon as in cases of appeals.

These provisions were substantially re-enacted by Secs. 75 to 80, inclusive, of the act of July 1, 1872, entitled "an act to provide for the election and qualification of justices of the peace and constables, and to provide for the jurisdiction and practice of justices of the peace in civil cases, and fix the duties of constables and to repeal certain acts therein named." Thus the law remained until the act of July 1, 1895, was enacted. It will be seen from an exam-

ination of these sections, that they relate solely to the proceedings to be taken in the Circuit Court, and the effect of such proceedings upon the parties concerned, justices of the peace and constables.

The act of July 1, 1895, is entitled "an act to revise the law in relation to justices of the peace and constables," but does not contain either of said Secs. 75 to 80, inclusive, or anything relating to the proceedings in the Circuit Court, nor as to the method of appeal by certiorari, except that Art. 10, Sec. 116, provides that "one or more of several plaintiffs or defendants may appeal or sue out a certiorari without the consent of the others, and all further proceedings shall thereupon be stayed, the same as if all had united in such appeal or certiorari;" Sec. 117 provides for a stay of proceedings by the justice and constable "as soon as the writ of certiorari shall be served on such officer," until the further order of the court; and Sec. 118 provides for the issuance of execution on "judgments rendered in cases of appeal and certiorari."

The new act contains no repealing clause of the act of 1872, or any part of it, but it is contended that the whole of the old act is repealed, because the act of 1895 is a complete revision of the whole law as to justices of the peace and constables as it existed prior to July 1, 1895.

There being no express repeal of the old act, if it is repealed, it must be by implication, based on the claim that the new act is a complete revision of the whole subject-matter of the old act.

Appellant relies on, among other cases, Culver v. Bank, 64 Ill. 528, and Devine v. Cook County, 84 Ill. 590, and they support the general proposition contended for, but an examination of these cases shows that the later laws covered the whole subject-matter of the old laws—in the Devine case much more—and in each case the later laws were repugnant to the old laws.

In the case at bar the new act does not purport to revise the old law, in so far as it contained provisions regarding the proceedings in the Circuit Court, and therefore can not

be said to be a complete revision of the whole subject-matter of the old act.

There is also another principle in the construction of statutes applicable to this case, which is that repeals by implication are not favored.   Town of Ottawa v. County of LaSalle, 12 Ill. 339; People v. Barr, 44 Ill. 198; People v. McAllister, 37 Pac. Rep. 580.

In order to work a repeal, the new law, if it contains no express words repealing the old, must be repugnant to the old, and the repugnancy must be clear.   The new law must fully embrace the whole subject of the old law.   Potter's Dwarris on Stat. 154 ns. 4 and 5, and cases cited; Sutherland on Stat. Const., Secs. 158 and 160, and cases cited Dugan v. Gittings, 3 Gill. Md. 140-54, and cases cited; 23 Am. and Eng. Ency. of Law, 482.

As a general rule, such parts of the old law as may be incorporated into the new law consistently therewith must be considered in force.   Bruce v. Schnyder, 4 Gilm. 221-71; Town of Ottawa v. County of LaSalle, 12 Ill. 339; 23 Am. and Eng. Ency. of Law, 482.

As has been noted, Secs. 116, 117, and 118 of the new law all recognize a mode of appeal by certiorari, and evidently contemplate the statutory writ of certiorari as it had existed in this State for over fifty years.   Certainly the legislature has expressed no intention to repeal the provisions of the old law as to appeal by certiorari.

These sections are in no way repugnant to, nor inconsistant with, the provisions of the new act.   The new act does not cover the whole subject of the old.   These sections regarding certiorari may be held to be in force without in any way conflicting with any express or implied intent of the legislature.   We therefore conclude that the statutory right of appeal by certiorari still exists as it did prior to July 1, 1895.

It has seemed to the court unnecessary to consider the question raised on oral argument, as to the history of the new act.

The motion of appellant in the trial court to quash the

writ of certiorari admitted the truth of all the allegations of fact in the petition.   The petition shows all the essential facts in detail necessary to entitle appellees to the writ of certiorari, to wit, that appellees were not negligent; that the judgment was unjust, and that it was not in their power to appeal in the ordinary way.

This case is clearly analogous to Kern v. Davis, 7 Ill. App. 407.

The judgment of the Circuit Court is affirmed.