## J. R. Ward et al. v. P. Schiesswohl et al.

1.  APPEALS — *From  Justices — Appearances and  Jurisdiction.*—An appeal was taken by plaintiff from a justice by filing his bond in the Superior Court within twenty days after judgment (January 12, 1897).  A supersedeas was served on the justice and a summons on the defendant, April 16, 1897; the transcript was filed September 20, 1897.  *It was held,* that the Superior Court had complete jurisdiction to hear the case at the April term, 1898, without further appearance of the defendants.

Assumpsit, for goods sold.  Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.  Verdict and judgment for plaintiff; appeal by defendant.  Heard in this court at the October term, 1898.  Affirmed.  Opinion filed May 22, 1899.

J. R. WARD, attorney for appellants.

WINSLOW & WARD, attorneys for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellees, after a trial before a justice of the peace, recovered a judgment against appellants for $81.92, but, claiming they were entitled to a larger amount, appealed to the Superior Court, filing their bond in that court.  The summons on appeal was served on the defendants below, appellants here, April 16, 1897; a transcript from the justice was filed in the Superior Court, September 20, 1897, and defendants entered their appearance April 11, 1898, and on the same day, at the April, 1898, term of the court, the case, being on the short cause calendar, was tried in the absence of defendants, before the court and a jury, resulting in a verdict and judgment against appellants of

$196.71, from which judgment, and the order of said Superior Court overruling appellants' motion to vacate the same, this appeal is taken.

The evidence heard on the trial shows that appellants were indebted to appellees in the sum of $196.71 for groceries, meats and provisions sold and delivered to appellants for family use between January 1, 1896, and August 11, 1896, after allowing all credits and deductions; that appellees sent statements of the account to appellants from time to time, and the account was not disputed until one of the appellees went to Mr. Ward's office to collect it, when he refused to pay it. On the motion of appellants to vacate the judgment, set aside the verdict, and for a new trial, and affidavit of J. R. Ward was read, which tends to show that appellants were diligent in the watching and preparation for the trial of the case, and appellees had been paid on the account January 30, 1896, $114.25, and that the appellants were not indebted to appellees to exceed $82.46; but it is not clearly and specifically stated in the affidavit that said amount was paid on the account in question, and the trial court was justified in believing that the payment was on account of dealings between the parties prior to January 1, 1896, by reason of which the affidavit tends to show there was due to appellees just the sum of $114.25. Mr. Ward does not swear there were two payments of that amount, and unless there were, then we are of opinion the judgment was correct. We can not say the learned trial judge was wrong in overruling appellants' motion, and we think the evidence was sufficient to support the judgment.

It is also argued that there was no jurisdiction to try the case at the April, 1898, term of the Superior Court, because appellants did not enter their appearance until the day of the trial. No appearance of appellants was necessary to give the court jurisdiction. That was obtained by service of summons on appellants April 16, 1897, and the filing of the transcript September 20, 1897. Hurd's Rev. Stat., Ch. 79, Secs. 65, 68 and 70 (Act of 1874); Camp v. Hogan, 73 Ill. 228; Lehman v. Freeman, 86 Ill. 208. The judment is affirmed.