## Chicago Stamping Co. v. Robert C. Danly and K. H. Cottle.

1. CERTIORARI—*Requisites of the Petition.*—To sustain a writ of certiorari to remove a cause from a justice of the peace, the petition must show that the judgment was not the result of negligence on the part of the petitioner; that in his opinion it is unjust and erroneous, showing wherein the injustice and error consists; and that it was not in his power to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from doing so.

2. SAME—*What is Not Sufficient.*—The fact that the parties before the justice made an agreement not to appeal, and that the petitioner would have taken an appeal, as was his intention, had it not been for the agreement, is not sufficient to show that it was not in his power to take an appeal in the ordinary way.

3. SAME—*Petitions for—How Construed.*—The right to a writ of

certiorari is controlled by the statute, and the petition is to be construed most strongly against the petitioner.

**Certiorari.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 27, 1899.

WM. J. CANDLISH, attorney for appellant.

No appearance by appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an appeal from an order by the Circuit Court quashing a writ of *certiorari* and dismissing the petition upon which such writ was issued. To authorize or sustain such a writ to remove a cause from a justice of the peace, the petition therefor must set forth and show, first, that the judgment by the justice was not the result of negligence on the part of the petitioner; second, that the judgment in his opinion is unjust and erroneous, showing wherein the injustice and error consists; third, that it was not in the power of the petitioner to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.

Whether the amended petition of appellant was sufficient to meet the requirements of the statute as to the first and second items, it is not necessary here to inquire. It must not, however, be inferred from this that we are of opinion that the petition is sufficient as to those items. No brief or argument is filed by appellee, and the argument of appellant is mainly as to whether the amended petition is sufficient to meet the requirements of the statute as to the third item.

The petition states that after judgment had been entered against appellant in the justice of the peace court, the parties made an agreement, by the provisions of which they settled all the matters involved in this suit; that in consideration of said agreement, appellant " then and there agreed not to prosecute its said appeal," and that it " would have

appealed said cause, as was its intention, had it not been for the said agreement."

How can it be said that it was not in the power of appellant to take an appeal in the ordinary way, when the petition shows affirmatively that it was in its power, and that it intended so to do, but that it did not appeal because it had agreed that it would not? It would be a work of supererogation to investigate and cite authorities in support of so clear a proposition. The authorities cited by appellant do not support the contention of counsel. The right of a writ of *certiorari* is controlled by the statute, and the petition is to be construed most strongly against the petitioner. Whatever rights or remedies appellant may have, if any, for failure to perform the agreement set out in said petition, the right to a writ of *certiorari* is not one of them.

The judgment of the Circuit Court is affirmed.