## John D. McRae and William M. McRae v. George Houdeshell.

1. Practice—*When a Cause is at Issue—Short Cause Calendar.*—A cause is at issue as to the defendant for the purpose of placing it on the short cause calendar at the expiration of the time in which he is to appear.

2. Same—*When a Cause is to be Stricken from the Short Cause Calendar.*—Where a cause is noticed for trial on the short cause calendar before it is at issue, and where it has been so placed without authority, it should be stricken from such calendar.

3. Same—*In Appeals from Justices of the Peace.*—The statute requires the Circuit Court in appeals from justices of the peace to hear and determine the same in a summary way, according to the justice of the case, without pleading in writing.

4. Same—*Denying Partnership Liability.* — All that is necessary under the justice's act, where a party seeks to deny his joint liability or the execution of an instrument sued on, is to file an affidavit denying such liability or the execution of the instrument sued on. (R. S., Chap. 79, Sec. 64.)

5. Same—*Effect of Denying a Joint Liability.*—The effect of an affidavit or verified plea denying the joint liability of a defendant on a promissory note places the burden of proving such joint liability upon the plaintiff.

6. EVIDENCE—*Under Pleas Denying Joint Liability.*—In a suit against "D. J. McRae and Wm. McRae, doing business as J. D. McRae & Bro.," upon a promissory note signed "J. D. McRae & Bro.," the introduction of the note in evidence under a plea by Wm. D. McRae, properly verified, denying his joint liability, does not in any way tend to prove his liability thereon.

7. APPEALS FROM JUSTICES—*What May be Taken Advantage of.*— Where a justice of the peace has jurisdiction of the subject-matter of the litigation, no matter how defective the service of summons is, it can not be taken advantage of on an appeal.

8. SAME—*Effect of Service upon the Appellee in Appeals from Justices.*—When a plaintiff takes an appeal from a justice of the peace and service of summons upon the defendant is duly had, he is by such service brought into the court to which the appeal is taken as completely as if he had been duly served with summons in the court below.

9. SAME—*When the Plaintiff Enters His Appearance and Has a Writ Issued and Served upon the Appellee.*—There is no reason known to the court why the service of a writ is not equally effective when it is issued at the instance of a plaintiff in an appeal taken by one of two defendants, the other of whom was not found when the case was heard by the justice.

**Assumpsit**, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 17, 1900.

CRATTY, JARVIS & CLEVELAND, attorneys for appellants.

WM. H. KLINE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellants were sued before a justice of the peace upon a promissory note signed "J. D. McRae & Bro., by J. D. McRae." Summons was issued by the justice against "J. D. McRae and Wm. M. McRae, doing business as J. D. McRae and Bro.," which was served only upon John D. McRae, and returned "not found" as to the other defendant. Judgment was rendered against the party served, who appealed, filing his appeal bond in the Circuit Court. A supersedeas was duly issued, and appellee entered his appearance.

Subsequently an appeal summons returnable to the

November term of the Circuit Court was issued to "Wm. M. McRae, impleaded with John D. McRae, copartners as J. D. McRae & Co.," and duly served upon said William M. McRae more than ten days before the first day of the said November term. The fifteenth of November, six days before the first day of that term, an affidavit was filed by appellee's counsel pursuant to the statute, for the purpose of placing the case upon the "short cause calendar" for trial; and the seventeenth of the same month notice thereof was duly served upon appellant's counsel. Thereupon the latter moved, November 25th, to strike the case from said "short cause" calendar, but the court refused so to do.

The motion should have been granted. William M. McRae was not summoned, and was not required to appear until the November term of the Circuit Court, which began the twenty-first of that month. The rule of that court provides that "no cause shall be noticed for trial on such (short cause) calendar until the same is at issue." The cause was not at issue as to him, before the expiration of the time within which he was required to appear. Having been "noticed for trial on such calendar" before it was at issue, the clerk of the Circuit Court had no authority under the rule to place the cause on said calendar, and it should have been stricken off.

November 26th leave was granted to John D. McRae to file *instanter* a plea denying his joint liability in accordance with section 34 of the practice act. The statute requires the Circuit Court, in appeals from a justice, to hear and determine the cause in a summary way according to the justice of the case, "without pleading in writing." All that was necessary under the justice act was for the defendants, or either of them, to "deny the partnership or joint liability or execution of the instrument sued upon by affidavit." R. S., Chap. 79, Sec. 64. The plea was, however, verified by an affidavit expressly denying joint liability, and the burden of proof was thus placed upon appellee. The instrument sued upon purported on its face to have been executed by "J. D. McRae & Bro., by J. D. McRae." No other evi-

dence was introduced, and it is plain that the note did not in any way tend to prove the liability thereon of William M. McRae. The verdict and judgment are not justified by the evidence.

A motion was made to quash the service of summons upon William M. McRae on the ground that the justice had no jurisdiction to try said cause until all the parties sued as partners were actually before him by service of summons, and that the Circuit Court had no greater or different power. This contention is sought to be supported by reference to Sandusky v. Sidwell, 173 Ill. 493, in which it was held that where service was had upon one only of two copartners who was found while passing through on a train in a county where neither of the parties resided, the action could not be maintained unless both partners were joined; and as the partner not served in the county where the suit was brought, could not be brought under the jurisdiction of the court there by sending process to the county where he resided, they could not be so joined in the action brought in such foreign county.

Here, however, the justice had jurisdiction of the subject-matter. No matter how defective a service of summons, or "even in cases where there was no service in the justice's court," it can not be taken advantage of on appeal, where the justice has jurisdiction of the subject-matter. Swingley v. Haynes, 22 Ill. 214 (216). The form of the account or the form of the summons, "can not affect the plaintiff's right to a judgment if his evidence shows a right of recovery in any form of action, of which the justice of the peace has jurisdiction." The statute provides that no exception shall be taken upon appeal, to the form or service of the summons issued by the justice "nor to any proceedings before him." When a plaintiff takes an appeal and service of summons upon the defendant is duly had, " he, by such service, is brought into the Circuit Court as completely as if he had been duly served in the court below." Swingley v. Haynes. We know of no reason why service of summons is not equally effectual when the writ is issued at the

instance of a plaintiff who enters his appearance in an appeal taken by one of two defendants, the other of whom was "not found" when the case was heard by the justice. The statute provides that the plaintiff before the justice shall be plaintiff on trial of the appeal, "and the rights of the parties shall be the same as in original actions." Rev. Stat., Chap. 79, Sec. 184. In original actions the right to a summons and the authority of the Circuit Court to issue it against any party made defendant, has never, so far as we know, been denied. The motion to quash the summons was properly overruled.

For the errors indicated the judgment of the Circuit, Court must be reversed and the cause remanded.