**William V. Tongeln, Defendant in Error, v. George Knoll and Maria Knoll, Plaintiffs in error.**

## Gen. No. 27,866.

1. JUSTICES OF THE PEACE—*appellate provisions of Act of 1872 not repealed by Act of 1895.* The Act of 1895, Cahill's Ill. St. ch. 79, ¶ 1 *et seq.*, relating to practice before justices of the peace in civil causes is a revision of the Act of 1872 and notwithstanding the omission of sections 67 to 80, Cahill's Ill. St. ch. 79, ¶ 178, of the earlier act, it did not operate as a repeal of section 70 by implication and the provisions of that section relative to appeal from justice's court and issuance of summons to all parties other than the appellant remain in full force and effect.

2. JUSTICES OF THE PEACE—*necessity for notice of appeal to party other than appellant.* On appeal in a civil cause from justice's court to the circuit court by one of two original plaintiffs, notice by summons must be given to the other original plaintiff as required by the Act of 1872, sec. 70, Cahill's Ill. St. ch. 79, ¶ 178, governing trial on the appeal and specifying that notice by summons shall be given to all parties other than the appellant, of an appeal from the justice's court by one of several parties to a judgment, and where such other party was not served with notice and did not appear, it was error to proceed to trial, the claim sued on having been one in behalf of both plaintiffs as copartners.

3. JURY—*right to jury on trial de novo on appeal from justice's court.* On an appeal of a civil action from the justice's court to the circuit court the defendants are entitled on the trial *de novo*, to a jury and cannot be deprived of their right to such trial by any act of the plaintiff, in the absence of a waiver of jury trial, and it is error in such case on the appeal to submit the cause to the court without a jury on *ex parte* motion of the attorney for plaintiff.

Error by defendants to the Circuit Court of Cook county; the Hon. HARRY EDWARDS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed and remanded. Opinion filed January 2, 1923.

Rankin, Lustfield & Landise, for plaintiffs in error.

No appearance for defendant in error.

Mr. Justice Morrill delivered the opinion of the court.

On December 23, 1920, suit was instituted before a justice of the peace in Cook county by William V. Tongeln and Phillip Hanus, copartners doing business under the firm name and style of Wm. V. Tongeln & Company, against plaintiffs in error. Plaintiffs' claim was for a commission on the sale of real estate amounting to $240 and $7 cash alleged to have been advanced by plaintiffs at defendants' request. The record indicates that no defense was interposed to the claim in the justice court. There was a finding and judgment for costs in favor of defendants, from which William V. Tongeln, one of the plaintiffs, prayed and perfected an appeal to the circuit court of Cook county by filing his bond with the justice of the peace. The other plaintiff, Phillip Hanus, did not appear in the circuit court. The case was docketed in that court under a title showing Tongeln as the sole plaintiff and was reached for trial February 16, 1922, whereupon, on motion of plaintiffs' attorney, the case was submitted to the court without a jury. The trial resulted in a finding and judgment for $247 and costs in favor of Tongeln only.

Plaintiffs in error seek a reversal for the reason that the court erred (1) in hearing the cause without a notice by summons to Hanus or his appearance in the circuit court, and (2) in permitting the plaintiff Tongeln alone to submit the cause for trial by the court and in assessing damages against them without a jury. The appeal in this case was not followed by defendants or by the plaintiff Hanus.

It is provided in section 70 of the Act of 1872 relating to the practice before justices of the peace in

civil cases, in substance, that when an appeal is taken by one of several parties from a judgment of a justice of the peace, the clerk shall issue a summons against the other parties notifying them of the appeal in said court, and in case of a return that such parties are not found, the case shall be continued at the first term of court but may be tried at the second term and the court shall have power to give judgment the same as if all parties had joined in the appeal, unless the appear-. ance of the appellee not joining shall be entered. Cahill's Ill. St. ch. 79, ¶ 178. The Act of 1895 [Cahill's Ill. St. ch. 79, ¶ 1 *et seq.*] upon the same subject was a revision of the Act of 1872 but did not expressly repeal the same. The later act omitted sections 67 to 80 of the former act. While it has been held in some cases that a statute which completely revises the subject-matter of a prior act and provides a perfect system in itself operates as a repeal of such prior act, although it does not contain the express repealing clause (*Devine v. Board Com'rs Cook County*, 84 Ill. 590; *State Board of Health v. Ross*, 191 Ill. 87), yet it is well settled that repeals by implication are not favored and that in order to effect such a repeal the new law, if it contains no express words repealing the old law, must be clearly repugnant to the old law. Applying this principle to the statutes here involved, it was held in *Gibson v. Ackerman*, 70 Ill. App. 399, that section 75 of the Act of 1872 providing for a review by writ of certiorari of judgments of justices of the peace was not repealed by the Act of 1895 and that both statutes must be construed together and given effect if possible. The sections of the Act of 1872 which are omitted from the Act of 1895 are not essentially repugnant to the later act. Therefore these sections remain in force in the absence of a repealing clause in the later act, even though both acts refer to the same subject. That the section of the Act of 1872 relating to a review of judgments of justices of the

peace by writ of certiorari remained in force after the enactment of the statute of 1895 seems to have been recognized by the Supreme Court in *Clark v. City of Chicago,* 233 Ill. 115.

In construing the Mechanics' Liens Act of 1903 [Cahill's Ill. St. ch. 82, ¶ 1 *et seq.*], which repealed the Act of 1895 upon the same subject, it was held that two Acts covering the same subject should be construed, if possible, so that each shall have effect and in such case the later act, varying in some degree the requirements necessary to obtain the relief given by the statute, instead of being construed to repeal the former act should be held to be an amendment or modification thereof. *Hacken v. Isenberg,* 288 Ill. 589. Recognizing the force of these authorities, we are of the opinion that section 70 of the Act of 1872 [Cahill's Ill. St. ch. 79, ¶ 178] was not repealed by the Act of 1895.

In the absence of any appearance in the circuit court of one of the original plaintiffs, Hanus, he should have been given notice by summons as required by section 70 of the Act of 1872 above mentioned. It has been held repeatedly that where one of two parties appeals from the judgment of a justice of the peace and no summons is served upon the one not appealing or appearing, it is error to proceed to trial. *Walter v. Bierman,* 59 Ill. 186; *Stewart v. Peters,* 33 Ill. 384; *Howard v. Costello,* 31 Ill. App. 611; *Humphreys v. Rodgers,* 9 Ill. App. 281. The claim was on behalf of both of the plaintiffs as copartners and not in favor of one of them individually.

In the present case the record shows that when the case was reached for trial the hearing was *ex parte* the plaintiff Tongeln, and on motion of his counsel the case was submitted to the court without a jury. Defendants were entitled to have their damages assessed by a jury. This right plaintiffs could not take away from them by stipulation, and the court could not de-

prive them of it in their absence.   Defendants were entitled to a trial *de novo* by a jury and their rights in that respect were beyond the control of the court or the opposite party.   Where the record shows no waiver of a jury by the defendant, there is no warrant for a motion of plaintiff's attorney to submit the cause for trial without a jury or for an order of the court to that effect.   *Davies v. Apperson,* 146 Ill. App. 348; *Barnett v. Craig,* 38 Ill. App. 96.

For the reasons above indicated the judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*

BARNES, P. J., and GRIDLEY, J., concur.