**T. E. Lyons, Receiver of the Arcola State Bank of Arcola, Illinois, Appellant, v. Estate of Ralph G. Ernst, Deceased, Appellee.**

**Gen. No. 8,592.**

Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

JOHN M. McNUTT, for appellant.

WARD & PUGH, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from the circuit court of Coles county, and the case came to that court on appeal from the county court.

T. E. Lyons, receiver of the Arcola State Bank of Arcola, filed, in the Coles county court, his claim against the estate of Ralph G. Ernst, deceased, on August 28, 1929. The claim as filed and sworn to con-

sisted of three promissory notes of Ralph G. Ernst, upon which there was due at the date of filing said claim $31,991.02. Each of said notes was the usual judgment form of notes. Judgment was rendered in the county court against the estate on November 21, 1930, for $33,586.04. The administrator of the estate appealed to the circuit court.

Bond was filed with the clerk of the county court on the 21st day of November, 1930, said bond being in the sum of $200. The bond was not approved by the county judge, but purports to have been approved by the county clerk only.

At the January term, 1931, of the circuit court, the receiver moved to dismiss the appeal for want of a sufficient bond and on February 14, 1931, the court ordered the administrator to file a sufficient bond in 30 days, "the bond to be approved by the clerk." On March 12, 1931, the defendant filed his second appeal bond, in the sum of $68,000, by which he became bound only to the Arcola State Bank and the bond was approved only by the clerk of the circuit court on March 12, 1931.

The January term, 1931, was finally adjourned on March 14, 1931. On April 20, 1931, being the first day of the April term, 1931, the receiver filed his second motion to dismiss said appeal for want of sufficient bond and set forth that the bond was not the bond of the administrator or a party to the suit; that the bond was not conditioned as required by statute and pointed out other defects.

On June 8, the court denied appellant's motion to dismiss the appeal and granted appellee's cross motion to file a new bond within 10 days. There was no order permitting the clerk to approve the bond.

On June 13, appellee filed another pretended bond, purporting to be approved by the clerk of said court. It was not approved by the court or a judge thereof and upon June 27, 1931, appellant again moved to dis-

miss the appeal for various reasons set out and other defects in the bond.

On July 11, appellee filed a cross motion for leave to file another bond and the court overruled appellant's motion to dismiss the appeal and granted appellant's cross motion for leave to file another bond within 10 days, and on July 20, 1931, appellee, in the circuit court, filed another bond which was approved by the court. Appellant objected and took exceptions to all of the rulings of the circuit court of Coles county in refusing to dismiss said appeal from the county court and in permitting the administrator to file additional bonds.

Appellant, in this court, has moved to dismiss the appeal of appellee from the county court of Coles county on the ground that the circuit court of Coles county lost jurisdiction of the appeal and the case. The right to appeal from the county court of Coles county upon a claim is derived from section 68 of chapter three of the Revised Statutes, the Administration Act, Cahill's St. ch. 3, ¶ 69, which reads as follows: "In all cases of the allowance or rejection of claims by the county court, as provided in this Act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge, and such appeals shall be tried *de novo* in the circuit court."

Under the Justices and Constables Act (Cahill's St. ch. 79, ¶ 116), the party praying for the appeal shall within 20 days from the rendition of the judgment pay the fee provided by law for the filing of such appeal, and enter into bond with security to be approved and conditioned as hereinafter provided, etc. The bond shall be approved by and filed with either the justice

of the peace rendering said judgment or the clerk of the court to which the appeal is taken.

Section 180 of the same act, Cahill's St. ch. 79, ¶ 178 (§ 69), provides: "No appeal from a justice of the peace shall be dismissed for any informality in the appeal bond. But it shall be the duty of the court before whom the appeal may be pending, to allow the party to amend the same within a reasonable time, so that a trial may be had on the merits of the case."

There is no doubt but that appellee in this court, for any informality in the bond given in the county court, had the right to secure an extension of time to give a sufficient bond, but having failed to give a sufficient bond within the time allowed by the circuit court, in the January term, or an order extending the time within which to file the bond, the circuit court of Coles county lost all jurisdiction of the case. (*Hall v. First Nat. Bank of Pittsfield,* 330 Ill. 234; *Hill v. City of Chicago,* 218 Ill. 178; *McCormick v. Meisenheimer,* 337 Ill. 65.) In many respects the defects in these bonds were of substance and not mere informalities. The court erred in not dismissing the appeal.

However, after the court's rulings upon the various motions to dismiss the appeal, appellant entered his general appearance and proceeded with the trial of the case, thereby waiving his special appearance, and subjected himself to the jurisdiction of the court. *Davison v. Heinrich,* 340 Ill. 349, 353.

Upon the trial of the cause the rulings of the court were even more extrajudicial than the rulings upon the motion to dismiss. The cause was tried by a jury. There were no pleadings filed except the verified claim. Counsel for appellee, in their statement of defense to the jury, made it manifest that appellant could not safely proceed to trial without the presence of certain witnesses, who were absent from the county and whose presence appellant could not obtain in time to testify

in said cause. We have examined the affidavit for continuance, and in the opinion of this court it was amply sufficient for the court to have exercised its discretion and continued the cause. The court denied the motion.

Appellant presented his credentials as receiver of the Arcola State Bank by a commission of authority over the signature and seal of Oscar Nelson, auditor of public accounts of the State of Illinois, authorizing and empowering said appellant to take possession of the books, records and assets of every description of the said Arcola State Bank, etc., and declaring said bank insolvent and approving appellant's bond as such receiver, etc. under date of March 7, 1927, prior to the presentation of said claim in the county court, and offered the same in evidence. Appellee objected to the introduction of the document, which objection the court sustained and appellant excepted to the ruling. This was error. (Cahill's St. ch. 15, ¶ 6; *Irving v. Brownell,* 11 Ill. 411; *Fisk v. Hopping,* 169 Ill. 105, 107.)

Appellant offered the notes in evidence. They were signed by appellee and the record so shows. To this offer appellee objected and the court sustained the objection, to which ruling appellant excepted. This was likewise error. (*De Clerque v. Campbell,* 231 Ill. 442, 447; *Campbell v. Thompson,* 192 Ill. App. 415; *Chicago Title & Trust Co. v. Ward,* 113 Ill. App. 327, 329; *Bell v. Bennett,* 188 Ill. App. 62, 65; *Gross v. Estate of Thornson,* 286 Ill. 185, 193; *Woodward v. Donovan,* 167 Ill. App. 507; *Commercial Credit Trust v. Land,* 251 Ill. App. 469, 472.)

Appellant made no further proof and none was needed. Appellee then asked the court to instruct the jury to find a verdict for the defendant, appellee in this suit, and the court granted the motion and instructed the jury to find a verdict for the defendant, which was done. This was error. Had appellant, claimant, then moved for a new trial on a motion for judgment, *non obstante veredicto,* this court likely

would have been in a position to dispose of the entire case. This was not done, but a judgment was entered upon the verdict for appellee.

For the errors pointed out, the verdict and judgment of the Coles county circuit court are reversed and the cause remanded for another trial.

*Reversed and remanded.*