H. H. Antrim, Appellant, v. Guyer and Calkins Company, Appellee.

Gen. No. 9,998.

642

Opinion filed February 8, 1945. Released for publication February 26, 1945.

HAROLD R. NETTLES, of Freeport, for appellant.

HUNTER & HUNTER, of Freeport, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

In an action by appellant against appellee before a justice of the peace of Stephenson county, judgment was entered against appellant on July 30, 1943, including the costs. On August 4, 1943, in an attempt to perfect an appeal to the circuit court, appellant filed with the justice of the peace an appeal bond in the sum of $15 executed by himself only. The bond itself does not show any filing mark nor any written approval thereof, but the office docket of the clerk of the circuit court shows that the bond and the transcript were filed in his office on August 4, 1943, and that the advance filing fee of $5 had been paid to the justice of the peace.

At the beginning of the hearing in the circuit court, appellee moved to dismiss the appeal on the ground that the appeal bond did not appear to have been filed, either with the clerk of the court or with the justice of the peace; that there was no surety on the bond, and

that the statute requires that the bond be taken and approved, either before the justice of the peace or before the clerk of the court, and that it have at least one surety. During the course of the hearing, appellant filed a motion for leave to file an amended appeal bond or a new appeal bond, which motion was denied by the court. At the close of the hearing appellee renewed its motion to dismiss the appeal, and the motion was granted, on the ground that there was not a substantial compliance with the statute, and the cause is here on an appeal from the order dismissing the appeal.

The transcript from the justice of the peace shows $7.50 costs accrued in that court, including the cost of the transcript and appeal bond, and judgment against appellant for that amount. Appellant offered to prove that he paid the same to the justice of the peace; that the latter prepared the appeal bond, and that appellant signed it in his presence; that the justice of the peace accepted appellant as security thereon, and verbally approved the bond by stating that he would take appellant as security, wrote ''Appealed'' on his docket the same day; and personally delivered the bond and transcript to the deputy circuit clerk on August 4, 1943, and that the deputy stamped them ''Filed.'' Objections to these offers of testimony were sustained.

The pertinent portion of sec. 1, art. X of the Justices and Constables Acts (Ill. Rev. Stat. 1943, ch. 79, par. 116 [Jones Ill. Stats. Ann. 71.112]), provides:

The party praying for an appeal shall, within twenty days from the rendition of the judgment, pay the fee provided by law for the filing of such appeals and enter into bond with security to be approved and conditioned as hereinafter provided, in substance as follows: (Setting out the form of the bond) . . . The bond shall be approved by and filed with either the justice of the peace rendering said judgment or the clerk of the court to which the appeal is taken.''

Appellant's brief states the "Errors Relied Upon for Reversal" as: The court erred (1) in overruling appellant's motion for leave to file an amended or additional appeal bond; (2) in refusing to receive the offered testimony of appellant and the justice of the peace as to the approval of the bond; and (3) in sustaining appellee's motion to dismiss.

Counsel for appellee contends that the second assignment is not argued and is thereby waived. Although not argued by counsel for appellant under a specific heading, his brief repeatedly refers to the offered testimony on this phase of the case, and his reply brief specifically denies any intention to waive the point, and asserts reliance thereupon. We do not agree with appellee's claim that the point was waived. Under like provisions of sec. 1 in former acts, it was held that the approval of an appeal bond by a justice of the peace perfects an appeal although the bond is defective. (*Miller v. Superior Mach. Co.,* 79 Ill. 450.) It has also been held that it is not necessary that a formal approval of the bond be written thereon, but accepting the bond, expressing satisfaction with the security, and acting upon it, amounts to an approval. (*Barker v. Smith,* 90 Ill. App. 595; *Smith v. Ammen,* 101 Ill. App. 144.) The evidence on this point was competent, and should have been admitted.

The present Justices and Constables Act is the Act of 1895, as amended. Its title is "An Act to revise the law in relation to justices of the peace and constables." It contains no clause repealing any prior act. Sections 67–80 of the prior Act of 1872 were omitted from the 1895 Act. Section 69 of the Act of 1872, adopted from the Act of 1853, provides:

"No appeal from a justice of the peace shall be dismissed for any informality in the appeal bond. But it shall be the duty of the court before whom the appeal may be pending, to allow the party to amend the

same within a reasonable time, so that a trial may be had on the merits of the case.''

Appellee contends that because the Act of 1895 is a revision of the Act of 1872, the omitted sec. 69 was repealed by implication. Appellant takes the position that it was not so repealed. There are two general rules of law as to repeals by implication, mentioned in numerous cases in courts of review in this State. One of them, invoked by appellee is, that a revision of a law repeals by implication previous statutes on the same subject, although there be no repugnance and though there may be no express repealing clause or section in the revision, and that all parts and provisions of the former Act or Acts that are omitted from the revised Act are repealed. (*People v. Borgeson,* 335 Ill. 136.) The other rule, relied upon by appellant is, that repeals by implication are not favored, and it is only where two statutes relating to the same subject are clearly repugnant to each other and both cannot be carried into effect, that the former is repealed. To the extent that they are in conflict the first Act is repealed, but the parts of the first Act not affected remain in full force and effect. (*City of Geneseo v. Illinois Northern Utilities Co.,* 378 Ill. 506, 529; *Village of Glencoe v. Hurford,* 317 Ill. 203, 215, 216.)

Under the rule secondly above mentioned, it was held in *Gibson v. Ackermann,* 70 Ill. App. 399 (1897) that sec. 76 of the Act of 1872 was not repealed by the Act of 1895. Similarly, in *Tongeln v. Knoll,* 227 Ill. App. 317 (1923) where sec. 70 of the Act of 1872 was in controversy, it was held that none of the omitted sections of the Act of 1872 were repealed by the Act of 1895. These decisions are relied upon by appellant. In *Gibson v. Ackermann, supra,* it is held that the Act of 1895 does not purport to revise the old law in so far as it contained provisions in regard to the proceedings in the circuit court, and that therefore it cannot be said

to be a complete revision of the whole subject matter of the old Act. In *McGillen v. Wolff*, 83 Ill. App. 227 (1899), it was held that by adding the provisions of omitted sec. 68 of the Act of 1872 to the last sentence of sec. 1, art. 10 of the Act of 1895 (par. 116, *supra*), of the present statute, there is no repugnance between the two, but they are perfectly consistent and together establish a complete and harmonious rule ·of practice. The holdings in those two cases may well be applied to omitted sec. 69 of the Act of 1872. Furthermore, under the history of the legislation and its contemporaneous construction by the legislative and judicial branches of the State government and the bar, we are not of the opinion that the first rule above mentioned is controlling in this case.

Prior to the adoption of the Act of 1895, there were numerous decisions, both of the Supreme Court and the Appellate Courts of this State, to the same effect as sec. 69 of the Act of 1872. Some of them mentioned that section and others did not. In the view we take of the question, it is unnecessary to cite or discuss them further. In determining whether the omitted sections of the Act of 1872 are to be regarded as repealed by the Act of 1895, we regard as important the holdings in numerous cases since the adoption of the Act of 1895, including the two cases above mentioned relied upon by appellant. No case is cited by appellee, and from our own research, we know of none, which holds that any of the omitted sections of the Act of 1872 were repealed by implication on account of being omitted from the Act of 1895. On the contrary, since the adoption of the Act of 1895, there have been numerous decisions treating several of the omitted sections as still in force.

In *Clark v. City of Chicago*, 233 Ill. 113, 115 (1908), and *People v. Burdette*, 285 Ill. 48, 50 (1918) omitted sec. 79 of the Act of 1892, prescribing six months limit on certiorari, was cited and treated as still in force.

Section 68 was similarly treated in *Baldwin v. Economy Furniture Co.,* 70 Ill. App. 49 (1897); *Bevilaugua v. City of Taylorville,* 271 Ill. App. 82 (1933); and *Ward v. Schiesswohl,* 82 Ill. App. 513 (1899), and was held to be not repealed in *Bridge & Structural Iron Workers' Union v. Sigmund,* 88 Ill. App. 344 (1900); *McGillen v. Wolff,* 83 Ill. App. 227 (1899); *Scheidt v. Goldsmith,* 89 Ill. App. 217 (1900); sec. 70 was treated as still in force in *Counselman v. Sullivan,* 101 Ill. App. 307 (1902); *Ward v. Schiesswohl, supra; Ernst v. Friedl,* 93 Ill. App. 5 (1901). In addition to *Gibson v. Ackermann, supra,* and *Tongeln v. Knoll, supra,* sec. 69 is treated as still in force in *Enright v. Rehbach,* 133 Ill. App. 50 (1907); *Hepner v. Hepner,* 112 Ill. App. 598 (1904); *Otis v. Briar,* 288 Ill. App. 629 (1937); *Lyons v. Ernst's Estate,* 265 Ill. App. 127 (1932). *McRae v. Houdeshell,* 88 Ill. App. 428 (1899), is based on sec. 74 as still in force. Section 76 is similarly treated in *Okerlind v. Fyke,* 90 Ill. App. 192 (1900); *Simpson v. Sligar,* 239 Ill. App. 484 (1926); *Chicago Stamping Co. v. Danly,* 85 Ill. App. 322 (1899); *Schmitt v. Edward Hines Lumber Co.,* 124 Ill. App. 319 (1906); *Couch v. Illinois Cent. R. Co.,* 213 Ill. App. 429 (1919); *Fisher v. Pennsylvania Co.,* 118 Ill. App. 662 (1905).

In the construction of statutes, from the time of the holding in *Phoebe, a woman of color, v. Jay,* 1 Ill. (Breese) 268 (Third Ed., p. 207) the rule, as expressed in that opinion is "that the sense which the contemporaneous members of the profession had put upon them is deemed of some importance according to the maxim that contempornea espositio est fortissima in lege (quoted from 1 Kent's Com. 434) has been followed. In *Comstock v. Cover,* 35 Ill. 470, 478, the court said in the opinion: "The doctrine is, where a statute uses language of doubtful import, acting under it for a long course of years in one way, may well give an interpretation to that obscure meaning, and reduce that un-

certainty to a fixed rule." See also *People v. Fidelity & Casualty Co.,* 153 Ill. 25 and *Nye v. Foreman,* 215 Ill. 285. In our opinion, applying this rule, sec. 69, of the Act of 1872 must be held as still in force.

The trial court therefore erred in granting appellee's motion to dismiss the appeal, and should have granted appellant's motion for leave to file an amended bond within a reasonable time to be fixed by the court.

The order dismissing the appeal is reversed and the cause is remanded with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded.*