**Signature Loan Corporation, Plaintiff-Appellant, v. P. N. Walker, Defendant-Appellee.**

**Gen. No. 60–O–6.**

Fourth District.

January 17, 1961.

Dale G. Hyle, of Granite City, for appellant.

Gilbert Rosch, of Granite City, for appellee.

SCHEINEMAN, J.

The plaintiff in this case was also the plaintiff in a suit in Justice of the Peace Court, in which case a judgment was obtained against Helen Ford and her husband. Those defendants appealed to the Circuit Court, and filed a supersedeas bond in that court, and the clerk approved the bond. P. N. Walker was the surety on the bond. Thereafter the plaintiff in that appeal filed a motion to dismiss the appeal on the ground the bond was formally defective. After hearing the motion, the court entered the following order:

> "Motion to dismiss because of inferior bond allowed. Defendants given to March 14, 1957, to file

a new bond or show location of property of bondsman."

The defendants did not file a new bond within the time limited, nor thereafter, nor show the location of property. The plaintiff did nothing further about the bond, and in June, obtained a summary judgment against Helen Ford. Her husband had been discharged in bankruptcy. The plaintiff then filed this suit against P. N. Walker, the surety. After some extended litigation, the suit finally was terminated by a judgment of dismissal, and this appeal followed. The plaintiff contends it has a right to enforce the appeal bond, notwithstanding its original objection thereto, and obtain a ruling that the bond was defective.

■ An appeal is perfected when the appeal bond is filed and approved, even though the bond is defective. Miller v. Superior Mach. Co., 79 Ill. 450. The appellee may waive the right to object to a defective bond. If the appellee does object and obtain a ruling that the bond is defective, the court must give the appellant a reasonable opportunity to file a new bond or otherwise cure the defect. Antrim v. Guyer & Calkins Co., 324 Ill. App. 641, 59 N.E.2d 316.

■ It is apparent that the plaintiff-appellee in the Circuit Court did not waive the defect, but obtained a ruling of the court thereon, and the court properly gave the appellant a reasonable time to cure the defect. Upon finding that the bond was defective, it would have been error for the Circuit Court to refuse to require the party to cure the defect or suffer dismissal of the appeal. Town of Greenfield v. Mook, 12 Ill. App. 281.

■ ■ Upon failure of the appellant to cure the defect in the time limited, the appellee had a right to obtain a writ of procedendo. This is a writ commanding the justice to proceed on the judgment as though the appeal had never been taken. Bank of Commerce

428

v. Franklin, 88 Ill. App. 198. The appellant did not choose to take that method, but proceeded to judgment in the Circuit Court. The fact that the defect in the bond had not been cured, did not deprive the Circuit Court of jurisdiction to proceed against the principal. Otis v. Briar, 288 Ill. App. 629, 6 N.E.2d 302.

█ On the other hand, when the obligee in the bond obtained a ruling on its objection to the bond, which in effect means the bond was ineffective, and requires a new bond, or other cure, as an alternative to dismissal, the obligee cannot claim the bond is still in effect. "The obligee cannot stand upon the bond and, at the same time, object to its informalities." Stearns, Law of Suretyship, 5th Ed., p. 362. Finding no error in the procedure of the Circuit Court, the judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and HOFFMAN, J., concur.