GEORGE E. NYE

v.

HENRY G. FOREMAN et al.

*Opinion filed April 17, 1905.*

1. CONSTRUCTION—*when a practical construction by legislative and executive departments will be given great weight.* Contemporaneous, uniform and practical construction of a constitutional provision or statute by the legislative department and the executive officers charged with the duty of enforcing the provision or statute will be given great weight by the courts, and will, in general, be allowed to control where the construction is doubtful.

2. COUNTIES—*right of Cook county board to provide for payment of the salaries of assistants to State's attorney.* Section 7 of article 10 of the constitution, in view of the long, uniform and practical construction placed thereon by the legislature and the board of county commissioners of Cook county, is held to be sufficiently broad to justify the action of the county board in appropriating money for the payment of salaries for necessary assistants to the State's attorney of Cook county.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

RITSHER, MONTGOMERY & HART, for appellant.

JAMES H. WILKERSON, County Attorney, WILLIAM F. STRUCKMANN, and FRANK L. SHEPARD, for appellees.

THOMAS A. MORAN, and CHARLES H. HAMILL, for appellees, as *amici curiæ.*

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the appellant for a decree restraining the appellees, the members of the board of county commissioners, the county treasurer and the county comptroller of Cook county, from appropriating and paying

from the funds of the county the salaries of the assistants of the State's attorney of the county. On the hearing the bill was dismissed by the circuit court of Cook county, and the record is before us on an appeal prosecuted by the complainant in the bill.

The contention of the appellant is, that the county of Cook has no power, either express or implied, to appropriate the public moneys to the payment of the salaries of the assistants to or employees of the State's attorney. The position of the appellees is, that section 7 of article 10 of the constitution of 1870 expressly provides that the "county affairs" of the county of Cook shall be managed by the board of county commissioners, which board the section provides shall be elected in that county for that purpose; that the county of Cook is an agency of the State for governmental purposes, and as such has many implied powers, among them the power to provide for the local administration of justice, including the enforcement of the criminal laws, and is charged with the duty of bearing, in the main, the expenses of executing the criminal laws of the State within its borders, and must, in general, defray the expenses incurred in discharging its functions of "managing the affairs" of the county; that under the proper construction of said section 7 of article 10 of the constitution of 1870 it is within the power of the board of county commissioners, in the management of the county affairs, to employ and pay attorneys to assist the State's attorney in the discharge of duties in which the county is interested, including criminal causes, if additional counsel is necessary to aid in the proper administration of such affairs. In the same behalf it is insisted, and it was proven, that contemporaneously with the adoption of the constitution the board of county commissioners of Cook county gave to this constitutional provision the construction contended for, and that in the year 1871 the board made appropriations from the public funds of that county to pay assistants to the State's attorney, and that the board has

continuously since that date,—a period of more than thirty years,—appropriated the sums necessary to pay the salaries of such assistants of the State's attorney, and that such has been the practical construction and execution of the provisions of said constitutional provision during the incumbency of every State's attorney elected in the county of Cook since the adoption of the constitution of 1870; that the General Assembly has also construed the constitutional provision to cast upon the county the burden of compensating the State's attorney out of the county funds; that at the session of the General Assembly held in 1871, following the adoption of the constitution in the previous year, an act was adopted (see 2 Starr & Cur. Stat. 1896, pp. 1900, 1938,) fixing the salary of the State's attorney in and for Cook county at the sum of $7000 per annum, and requiring the county of Cook, out of the funds in its treasury, to pay $6600 of such salary, the remaining $400 being paid out of the State treasury; that in 1901 the General Assembly again acted upon the same theory as to the proper meaning of the constitutional provision, and adopted an act (4 Starr & Cur. Stat. p. 627,) fixing the compensation of the State's attorney of Cook county thereafter to be elected at $10,000 per annum, and providing that such sum should be in full for all services of that official, and that all fees provided by statute and earned by the State's attorney should be paid into the treasury of the county of Cook.

These enactments, it is fairly to be presumed, were passed with the knowledge and understanding on the part of the General Assembly that the board of county commissioners of Cook county construed the constitutional provision to authorize the payment of deputy or assistant State's attorneys out of the public funds of the county, and that such deputies or assistants were being so paid. The General Assembly, it is clear, has long and uniformly understood and acted upon the theory the county of Cook, under a proper construction of said constitutional provision, had full power to pay the

assistants to the State's attorney, and that it was the duty of the said county to make such payments. The General Assembly, when engaged in formulating and enacting legislation, must, of necessity, consider what they deem to be the present condition of the law, in order that they may intelligently frame enactments for the purpose of advancing and maintaining the law in its then condition or of modifying or repealing it. In the administration of the affairs of the State, county or municipality, those officials who are charged with the duty of carrying the law into actual execution must often, out of manifest necessities of the immediate occasion, construe constitutional and statutory provisions, and must act in accordance with their judgment as to the meaning of such provisions.

It is the province and duty of the courts to determine the meaning and true construction of constitutions and statutes, but when the legislative department, in the enactment of laws, and the executive officers, charged with the duty of enforcing or applying constitutional provisions and statutes, have, by contemporaneous, long, uniform and practical construction of a constitutional or statutory provision, accepted and acted upon it as having a definite and particular meaning, the conclusion so reached and acted upon by the legislative department and by executive officers will, in view of the great injury and injustice which would result from a change in such construction and meaning, be accorded great weight by the judiciary when that department of the government is called upon to construe the law, and will, in general, control, whenever the question is in a degree doubtful or open to reasonable debate. (*Bruce* v. *Schuyler*, 4 Gilm. 221; *Comstock* v. *Cover*, 35 Ill. 470; *People* v. *Loewenthal*, 93 id. 191; *People* v. *Board of Supervisors*, 100 id. 495; *People* v. *Fidelity and Casualty Co.* 153 id. 25; *Boehm* v. *Hertz*, 182 id. 154; *People* v. *Knopf*, 171 id. 191; *Burke* v. *Snively*, 208 id. 328; 8 Cyc. 736, 737.) The facts disclosed by this record call, as we think, for the application of this doctrine of

construction to the contention here arising for decision, and should control the inquiry as to the true meaning of the constitutional provision under consideration.

The decree will therefore be affirmed.

*Decree affirmed.*