## City of Chicago, Appellant, v. Board of Education of the City of Chicago, Appellee.

### Gen. No. 31,573.

1. SCHOOLS AND EDUCATION—*boards as State agency.* Although a city is compelled to collect the funds and holds the legal title to the lands of a board of education, the latter has absolute control of the lands and disposal of the funds and must be regarded, not as a municipal, but as a State agency.

2. MUNICIPAL CORPORATIONS—*function of city in acting for boards.* A city in holding title to school lands and collecting school funds acts mainly in a ministerial capacity on request or action of the board of education.

3. MUNICIPAL CORPORATIONS—*city control over board's personalty.* A city has no interest in or control over personal property of a board of education, such as weights and scales purchased by the board in the exercise of its functions and subject to its sole disposition.

4. PLEADING—*board of education's demurrer as admission of owner-ship of property.* A board of education's demurrer to assumpsit by a city to collect fees on scales alleged to be owned by the board, is an admission by the board of its ownership of the scales.

5. MUNICIPAL CORPORATIONS—*power to collect fees on board of education's scales.* Weights and scales of which the board of education has sole control, are subject to the city's police regulations including collection of fees for inspection thereof, in view of there being no statute vesting title in the city and of the city's lack of interest in and control over the property, especially considering the public's payment for use to the board.

6. PARTIES—*city's suit against board of education as not against itself.* A city's action to collect fees for the inspection of weights and scales which belong to and are under the sole control of the board

of education, is not precluded by the city's collecting by tax the funds with which such scales are bought in view of the fact that the city has no interest in or control over the property.

7. SCHOOLS AND EDUCATION—*relation of board to city.* A city and its board of education are connected in the sense that duties are imposed upon the former in connection with the organization of the latter and raising and custody of its funds and holding title to its realty, but the board functions as an independent body.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed and remanded with directions. Opinion filed November 15, 1927.

FRANCIS X. BUSCH, Corporation Counsel, and JAMES J. COUGHLIN, Assistant Corporation Counsel, for appellant; JAMES J. COUGHLIN and CHARLES R. LARRABEE, Assistant Corporation Counsel, of counsel.

FRANK S. RIGHEIMER, for appellee; RALPH W. CONDEE, LEO V. ROEDER and JOHN A. COOKE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an action in assumpsit brought by the city of Chicago against the board of education of the city of Chicago to recover fees aggregating $14,607.55 for inspection of weights and scales under the control and management and in the possession of the board of education and located on school property in said city.

The declaration consisted of two special counts and the common counts. After a demurrer was sustained to the former and overruled as to the latter, plaintiff withdrew the common counts and elected to stand by the special counts.

Each count alleged that said board was, during the period of inspection, the owner of a number of scales and weighing platforms in the city used by it for the purpose of weighing supplies purchased by it, and for weighing for the public, for which service to the public a fee of ten cents was and is charged, and that during

that period certain ordinances of the city then in force required that every person using weights, measures, scales, etc., for weighing or measuring any article intended to be purchased or sold, or any article weighed or measured for shipping or receiving purposes, or for hire or reward, shall cause such scales to be inspected and sealed by the inspector of weights and measures in accordance with the ordinance provisions. These provisions are set out *in haec verba* in the declaration but as their validity or application, except to said board, are not brought in question they need not be repeated here.

The only difference between the counts is that the first alleges that the inspections were had at the special instance and request of defendant, and the second count that they were made pursuant to the ordinances. Both allege that payment of the fees was demanded and refused.

The sufficiency of the declaration is questioned solely on the theory that the relationship between the city and said board is such that the former is legally interested in each side of the action and, therefore, cannot maintain it, citing the rule stated in Vol. 1, Chitty on Pleadings, p. 40, that "it is an answer to an action that a party is legally interested in each side of the question. A party cannot be both plaintiff and defendant in an action." Under that contention the primary question is whether the city has such a substantial interest in the defense as precludes its prosecution of the action. It rests mainly upon the claim that the board is a part of the municipal government of the city of Chicago, which raises the taxes for the schools with which all school property is purchased, and that the board owns no property whatever.

While the legal title to real estate purchased for school purposes is vested in the city (Cahill's St. ch. 122, ¶ 156), and the money for such purposes is raised by taxes levied by the city council and held by

the city treasurer subject to warrants of the board that are formally required to be countersigned by the mayor and city comptroller, nevertheless the taxes so levied are exclusively for school purposes and required to be held in a separate fund by the city treasurer, ex-officio, as school treasurer, who keeps such moneys subject to the absolute control and direction of the board of education. (Cahill's St. ch. 122, ¶ 159.) By section 136 of said act (¶ 160), and section 139 (¶ 163) the board of education is given general supervision and management of the public education and the public school system of the city and granted "all the powers that may be requisite or proper for the maintenance and the fullest development of an efficient public school system," not inconsistent with the general provisions of the school laws of the State which apply to all school districts. In the exercise of such powers granted by the legislature the board of education is declared in *Kinnare v. City of Chicago,* 171 Ill. 332, to be a State agency rather than a municipal agency. While the legal title to the school lands is placed by statute in the city, and the custody of school funds in its treasurer, both are held in trust solely for school purposes under the independent control and authority of the school board. Whatever the city has to do with either, as the law now stands, since the amendments of 1917 to the School Act, by which the board is made a corporate entity and the city council is no longer required to concur in the exercise of any of its functions, is mainly ministerial and mandatory on request or action of said board. No independent control or authority is exercised by the city over either the school lands or the school funds, nor is its concurrence or that of its officers required in direction of the use of the former or of the expenditure of the latter, and therefore as such it has no substantial interest therein.

Discussing the provisions of the statute which at that time required the concurrence of the city council in the exercise of the power of the school board to erect school buildings, the court in the *Kinnare* case said that the erection of a school building was "of no benefit to the city," and that whatever connection the city had with the board of education in the matter of constructing the building was simply for the purpose of discharging a public duty cast upon it by the law-making power of the state "because it was deemed expedient by the legislature, in the distribution of the powers of the government, to require the city, *nolens volens,* to perform a public service in which the city, as a corporation, had no *interest.*" (p. 336)   If this may be said when the law required such concurrence how much more is it true when, since the amendments of 1917, concurrence of the city council is no longer required in any of the administrative acts of the board; and if true as to a school building it certainly must be as to personal property like weights and scales purchased by the board in the exercise of its functions and subject to its sole use and disposition without any intervention of the city authorities.

While upon this view of relationship between the parties it is unnecessary to discuss where the naked title to such property is, yet it may be said that the allegation in the declaration of the board's ownership of the weights and scales stands admitted by the demurrer.   However, the school funds are for the exclusive use of the schools and appropriated solely by the school board, and when drawn upon for the purchase of personal property to be devoted to that use, we apprehend that in the absence of any provision of the statute vesting the title thereto in the city, and in view of the city's lack of interest in or control over such property, it may be deemed the property of the board of education, and as such subject, as is like property, to the city's police regulations.   Whatever

is done by the city, whether by raising the school funds by taxation or by holding custody of them as aforesaid, are all duties cast upon it, as said in the *Kinnare* case, *nolens volens,* to aid in the administration of the state government and confer upon it no special control or interest in property purchased with school funds. We do not think, therefore, that the city can be said to have such an interest in the defense as precludes its maintenance of this action, or, in other words, that it is thereby, in legal contemplation, suing itself.

Some stress is laid by appellee on what was said with respect to the relationship between the city and the board of education in *Brenan v. People,* 176 Ill. 620; *People v. Flynn,* 265 Ill. 414, and *People v. Bither,* 231 Ill. App. 301, and appellant regards the expressions used therein as no longer applicable since the amendments of 1917. But we deem it unnecessary to discuss the expressions referred to. They must be considered solely with reference to the questions before the court for decision in those cases. It may be still said, however, that the city and said board are connected in the sense that duties are imposed upon the former in connection with the organization of the latter and the raising and custody of its funds and holding the title to its real estate, but the board nevertheless functions as an independent body.

If, therefore, the status of the relationship of the parties is no bar to the suit, and the ordinances are valid, it would appear that the board is as much subject to their provisions as any other person or corporation using weights and scales, especially when used by the public for reward to the board, as stated in the declaration.

In *County of Cook v. City of Chicago,* 311 Ill. 234, it was held that in constructing a public building within the limits of the city the county was subject to enforcement of the latter's building and fire ordinances.

City of Chicago v. Board of Education, 246 Ill. App. 405.

The court there defined the status of the county as it did that of the board of education in the *Kinnare* case, as an "involuntary quasi-corporation," and held that the county was required to observe the police power delegated to the city to cause buildings to be put in a safe condition.  There is no valid ground for distinction between enforcement of that power and the delegated power of inspection of weights and measures.

In *Pasadena School District v. City of Pasadena,* 166 Cal. 7, where the question arose whether that school district was subject to the fire and building ordinances of that city, and to pay fees for inspection, therein provided for, which ordinances were passed pursuant to conferred power to enforce police regulations, it was held that whether a school district embraces territory included in a densely populated city, or its territory is exclusively within the city, it is subject to reasonable regulations for the benefit of the entire city concerning fire protection.  This decision was referred to at length and recognized as authority in the case of *County of Cook v. City of Chicago, supra.*  In *Bowers v. Wright,* 4 W. N. C. (Pa.) 460, also cited in the *County of Cook* case, the same principle was recognized in holding that the board of education of the city of Philadelphia was subject to the police power of the city and could not build a schoolhouse erected pursuant to powers expressly conferred upon the board by statute, without obtaining a permit from the board of building inspectors of the city upon whom the power of granting building permits was conferred by another statute.

We reach the conclusion, therefore, that the court erred in sustaining the demurrer to the special counts, and hence reverse the judgment of *nil capiat,* with directions to overrule the demurrer.

*Reversed and remanded with directions.*

GRIDLEY and SCANLAN, JJ., concur.