Dorothy M. Dalton et al., Appellants, v. Joseph Lumber Company et al., Appellees.

Gen. No. 44,934.

Opinion filed March 23, 1950. Released for publication April 13, 1950.

CHARLES D. SNEWIND, of Chicago, for appellants.

ARVEY, HODES & MANTYNBAND and BENJAMIN S. ADAMOWSKI, Corporation Counsel, all of Chicago, for certain appellees; J. HERZL SEGAL and L. LOUIS KARTON, Assistant Corporation Counsel, both of Chicago, of counsel.

FRANK R. SCHNEBERGER, of Chicago, for certain other appellee; HUGH M. SIMBORG, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiffs appeal from a decree dismissing for want of equity their complaint seeking to nullify a license issued to the defendant Joseph Lumber Company authorizing it to establish, operate and maintain the business of a lumber yard on premises in the City of Chicago, and to enjoin the said defendant from establishing, operating and maintaining a lumber yard on the premises in question.

Under the city ordinances the consent of the majority of the owners of property within 150 feet of defendant's property was a condition precedent to the issuance of a license for the maintenance and operation of a lumber yard on the premises. Certain property the title to which was in the City of Chicago for the use of schools was adjacent to defendant's property, and the Board of Education of the City of Chicago, through its business manager, executed a consent to the establishment of the lumber yard. Without this consent defendant did not have the consent of the majority of the property owners required by the ordinances. The case was heard by the trial court on the complaint, the answers of the defendants and the stipulation of the parties ''that this cause shall be

tried and shall proceed to a final determination upon the sole issue of the validity and legality of the frontage consent executed by said John Howatt, Business Manager of the Board of Education, and that the court may try said cause upon the facts which stand admitted by the pleadings and the facts agreed upon in this stipulation.'' From the stipulation it appears that for more than 30 years the City of Chicago has accepted frontage consents signed by the business manager of the Board of Education as the consent of the owner of property the legal title of which was in the City of Chicago for the use of schools; that in 1917 the Corporation Counsel of the City of Chicago rendered an opinion stating that the Board of Education was the owner of the property the legal title of which was held by the City of Chicago for the use of schools within the contemplation of the ordinances of the city relating to frontage consents. In 1912 the Corporation Counsel rendered an opinion in which he stated that it had been the practice of the City of Chicago to obtain the consent of the Board of Education before granting permission for the laying of tracks and the operation of streetcars on streets adjacent to school property. Under the School Code of 1945 (Ill. Rev. Stat. 1945, ch. 122, secs. 34–7 and 34–8 [Jones Ill. Stats. Ann. 123.1368, 123.1369]) the business manager of the Board of Education has charge and control, subject to the approval of the Board, of the business department of the public schools and of the employees therein, of all purchases, the making of contracts and leases, the condemnation of sites, the erection, construction, alteration and repair of school buildings, and all other matters not coming under the control of the education or law departments. The stipulation shows that plaintiffs appealed to the Board of Education for the revocation of the consent signed by the business manager, and that the Board failed or refused to take any

269

action. The consent executed by the business manager must therefore be deemed to have been executed with the approval of the Board of Education. In respect to school property the City is a mere passive trustee, holding the naked legal title to the property without any power or control in the management of such property and can only convey the property with the consent of the Board of Education. Ill. Rev. Stat. 1945, ch. 122, secs. 34–19 and 34–20 [Jones Ill. Stats. Ann. 123.1380, 123.1381]; *City of Chicago v. Board of Education of Chicago*, 246 Ill. App. 405. The Board of Education is the real party interested in and affected by the establishment and maintenance of business on premises contiguous to its property. The practical construction given the word "owner" in respect to property held in trust by the City for the use of schools for more than three decades should not be set aside at the request of third parties. This construction is entitled to the weight of a judicial construction. *People ex rel. City of Chicago v. Schreiber*, 322 Ill. App. 452, 476. See also *City of Chicago v. Peoples Gas Light & Coke Co.*, 330 Ill. App. 34, and *Nye v. Foreman*, 215 Ill. 285.

The decree is affirmed.

*Affirmed.*

FEINBERG, J., concurs.

TUOHY, P. J., took no part.