Paul Wolf, Appellant, v. Michael D. Matusak et al.,
Appellees.

Gen. No. 38,937.

Opinion filed January 27, 1937.

HENRY P. HEIZER, of Chicago, for appellant.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago,
for appellees; LEO WOLFSON, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered
the opinion of the court.

This is an appeal from a decree of the superior
court of Cook county dismissing plaintiff's bill for
want of equity and costs of suit and decreeing that a
lien of a trust deed securing his note be released and
that said note be canceled and delivered to Michael
D. Matusak.

On August 11, 1932, the plaintiff Paul Wolf filed his bill to foreclose a trust deed made by one Alexander D. Schuller and Marie A. Schuller to the Citizens State Bank of Chicago, securing notes totaling $15,000 and maturing at different dates. Wolf claimed to be the owner of note No. 1-A for $500, which was the first to mature. The trust deed made no provision that all notes secured thereby should be secured without preference of one over the other.

Michael D. Matusak, the then title holder of the real estate, and also the unknown owner of the remaining principal notes totaling $14,500 maturing at a later date than the note for $500, were made defendants.

The Federal Reserve Life Insurance Company, herein sued as an unknown owner, and said Michael D. Matusak answered the bill, and later they both filed their cross-bill to cancel the $500 note in question on the ground that said insurance company had owned the entire issue of $15,000 in notes and when note No. 1-A for $500 matured on April 5, 1930, had sent it for collection to the Citizens State Bank of Chicago.

In answer to this cross-bill plaintiff alleged that he had purchased the said note of $500 from the said Citizens State Bank on June 27, 1931, without notice of any claims by the insurance company or anyone else.

On the recommendation of the master in chancery, to whom the cause was referred, the court as before stated found for the defendants, dismissing the plaintiff's bill for want of equity and canceling the $500 note of plaintiff and also decreeing that the lien of the trust deed securing the said $500 note with respect to the said property be released.

No question is raised on the pleadings nor is there any question as to the facts, which, briefly stated are as follows:

Alexander D. Schuller and Mary A. Schuller were the owners of certain real estate and had borrowed

$15,000 from the Citizens State Bank of Chicago and to secure said loan executed to said bank, as trustee, their trust deed dated April 5, 1927, securing their 13 notes. The note No. 1-A for $500, which is the basis of this suit, became due April 5, 1930. Note No. 2 for $500 became due April 5, 1931. Notes Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 for $1,000 each and note No. 13 for $4,000, all became due April 5, 1932. All these notes in June, 1927, were sold by the Citizens Bank to the Farmers National Life Insurance Company and later by said Farmers National Life Insurance Company to the Federal Reserve Life Insurance Company, defendants. When the said note 1-A for the sum of $500 fell due on April 5, 1930, said insurance company sent the note to the Citizens State Bank of Chicago for collection and remittance, and the Citizens State Bank remitted to said defendant, Federal Reserve Life Insurance Company, $500, being for value of said Note 1-A and also accrued interest on same and interest on all the remaining notes secured by the said trust deed. Instead of canceling this note 1-A, the trustee bank then drew up a written agreement extending the time of payment of the said $500 note 1-A to April 5, 1931, and some time later another extension agreement, extending payment thereof to April 5, 1932. These agreements were also signed respectively by Mr. and Mrs. Heine and Mr. and Mrs. Davidson, the then fee owners of the property, and also by the Citizens State Bank of Chicago, Trustee, "as agent for the owner and holder of the notes and trust deed hereinafter secured," and such extensions were attached to the $500 note. The bank also indorsed and signed two memoranda on the back of the note showing the extension by agreement of the note of April 5, 1931, to April 5, 1932, respectively. The bank then sold the note, first, to a Mr. and Mrs. Haeflinger, later buying it back from them and, on June 27, 1931, sold it with

the two extension agreements attached, to the plaintiff Paul Wolf and received from him therefor $500 plus some interest.

When plaintiff went to the bank to purchase the $500 mortgage he was shown several mortgages by the manager of the Real Estate Department, among which was the $500 note and trust deed in question. In reply to plaintiff's inquiries, the manager stated that the bank owned the note; that it had originally made a loan of $15,000 to the owners of the property, and had sold $14,500 of the loan to an insurance company, but that it still owned the $500 note in question and that the note had been extended to April 5, 1932. Plaintiff thereupon paid the bank $500 and some interest and took the note with him.

Plaintiff's theory of the case is as follows:

1st. That the note at the time he purchased it was not overdue for the reason that the extension agreements attached to it were valid;

2nd. That even if the note had been overdue at the time plaintiff bought it, all that one purchasing a past due note is required to show under sections 52 and 59 of the Negotiable Instruments Act, Ill. State Bar Stats. 1935, ch. 98, ¶¶ 72, 79; Jones Ill. Stats. Ann. 89.072, 89.079, is that at the time the instrument was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it, and that the evidence shows that plaintiff had no notice of any defect in the title of the bank, or of any rights claimed by the Federal Reserve Life Insurance Company;

3rd. That one choosing a bank or any other agency for the collection of a note is bound by the acts of the agent;

4th. That the defendant, insurance company, was negligent in sending a negotiable instrument payable to bearer to its agent for collection without indorsing

on the note a direction to pay to the agent for collection;

5th. That where one of two innocent parties must suffer, it must be the one who made the commission of the wrong possible;

6th. That a purchaser of an overdue negotiable instrument buys it subject to any defense which can be made by the makers of the notes, but does not buy it subject to collateral attack by third parties, in which class the Federal Reserve Life Insurance Company must be placed.

Defendants' theory of the case is as follows:

1st. That the note in question was overdue at the time plaintiff bought it, for the reason that the bank had no authority to make the extension agreements;

2nd. That an overdue note is subject to all defenses that can be made by the original mortgagor and also to all defenses of intervening third parties; and

3rd. That plaintiff obtained no title to the note by his purchase from the bank.

At this point it might be said that when the note was sent by the insurance company to the bank, the latter paid for it out of the bank's funds and kept the note and did not cancel it.

When the Federal Reserve Life Insurance Company sent the note for $500 to the Citizens State Bank of Chicago, there was nothing on the note to indicate for what purpose it had been sent to the bank and the note being payable to bearer the Federal Life Insurance Company thereby invested the Citizens Bank with all the indicia of ownership. They constituted the holder their agent for the purpose of collection and in doing this they made it possible for the Citizens Bank to treat the note as their own paper and sell it to the plaintiff.

As was said in *McCarthy v. Crawford*, 238 Ill. 38:

"Where the holder of a certificate of indebtedness purporting to be transferable by assignment signs the

form of transfer and power of attorney in blank and delivers the certificate to a broker to sell, he thereby clothes the broker with the customary indicia of absolute ownership, and as against a subsequent bona fide purchaser of the certificate he is estopped to deny that the purchaser is his assignee for value, even though the broker has not accounted for the proceeds."

Was the Federal Life Insurance Company bound by the action of the Citizens Bank in not canceling this paper and selling it to the plaintiff? As was said in the case of *Vetesnik v. Magull,* 347 Ill. 611, at page 616: "It has never been the rule that a third person may be bound by the acts of an agent which, while within the apparent scope of his authority, are fraudulent as against his principal. *Mason v. Bauman,* 62 Ill. 76."

Again in the case of *Drumm Const. Co. v. Forbes,* 305 Ill. 303, page 308, the court said:

"The check here in question was complete when Forbes received it from Lamberton, and there was nothing in the character of the instrument to charge him with knowledge of any infirmity or put him on inquiry. It is clear from the facts disclosed in the record that Forbes became the holder of the check in good faith and for value and without any actual knowledge of any infirmity, and therefore by the weight of authority and sound reasoning the check in his hands was not subject to any of the defenses claimed by appellant. Moreover, we think a recovery cannot be had because of the well known rule that where there are two innocent parties in the case, the one who puts it in the power of a third party to commit the act causing it must bear the loss. (*Otis v. Gardner,* 105 Ill. 436; *Hemstreet v. Burdick,* 90 id. 444; *Mason v. Bauman,* 62 id. 76.)"

So far as the foreclosure of the interest in the real estate securing the $500 note is concerned, the Federal Reserve Life Insurance Company has no interest or equity in this note. The insurance company is object-

ing to the owner of the note participating in any part of the proceeds of foreclosure of the trust deed. The insurance company has received payment of both principal and interest on this $500 note. It is quite plain from the record that the claim, if any, of the Federal Reserve Life Insurance Company was never divulged to the plaintiff here and, whether the note was not due or was past due, the plaintiff was not advised of the insurance company's claim. They placed the note in the hands of the bank without any indorsement or indication or memorandum attached thereto and, thereby, made it possible for the bank to defraud plaintiff. In this respect they were at fault.

As was said in *Justice v. Stonecipher,* 267 Ill. 448, quoting from the syllabus:

"A promissory note indorsed in blank passes by delivery, and its negotiability does not cease at its maturity but the note can still be negotiated by indorsement. . . . The mere fact that a promissory note indorsed in blank by the payee is overdue at the time the holder receives money thereon from a bank does not charge the bank with notice that the note is held for a special purpose or that there is any defect in the title. (*Y. M. C. A. Gymnasium Co. v. Rockford Nat. Bank,* 179 Ill. 599, followed; *Hide and Leather Bank v. Alexander,* 184 id. 416, and *Merchants' Loan Co. v. Welter,* 205 id. 647, distinguished.)"

We believe under the circumstances in this case that the claim of the Federal Reserve Life Insurance Company should not prevail as against an innocent purchaser for value whose lien should be protected by the lien of the mortgage.

We are of the opinion that the decree dismissing the plaintiff's bill for want of equity was erroneous and that plaintiff's claim for a lien on said property under the terms of said trust deed should have been recognized and allowed.

288

For the reasons herein given the decree of the superior court is reversed and the cause is remanded with directions to proceed in such a manner as will not be inconsistent with the views herein expressed.

*Decree reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.